# In the United States Court of Federal Claims

No. 22-1769

(Filed: March 10, 2023)

(NOT TO BE PUBLISHED)

| | |
|---|---|
| **SYLVANIUS BELL,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| **UNITED STATES,** | )<br>) |
| Defendant. | )<br>) |

        Sylvanius Bell, *pro se*, Washington, D.C.

        Borislav Kushnir, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  Appearing with him on the briefs were Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, Patricia M. McCarthy, Director, and Douglas K. Mickle, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

        Mr. Sylvanius Bell filed a complaint in this court on November 29, 2022, requesting "what is owed" to him "that is listed with the United States Department of the Treasury." Compl. ¶ 1, ECF No. 1.  His demands the "release of [his] money in the Treasury Department via wire transfer."  Compl. ¶ 5.  With his complaint, Mr. Bell filed a motion to proceed in forma pauperis.  Pl.'s Mot. for Leave to Proceed In Forma Pauperis, ECF No. 2.  Because Mr. Bell paid the required fees when he submitted his complaint, the court denied as moot his motion to proceed in forma pauperis.  Order, ECF No. 6 (Dec. 8, 2022).

        The government then moved to dismiss Mr. Bell's complaint, Def.'s Mot. to Dismiss Pursuant to Rule 12(b)(1), ECF No. 8, contending that Mr. Bell has failed to identify a jurisdictional basis for his claim.  *Id.* at 1.  Specifically, it contends that Mr. Bell's complaint fails to identify any "constitutional provision, statute, regulation, or contract that might entitle him to compensation" under the Tucker Act.  *Id.* at 2.

On March 6, 2023, Mr. Bell filed by the court's leave a letter indicating he "cannot afford a lawyer" and requesting a hearing. Letter from Sylvanius Bell ("Bell's letter"), ECF No. 10; *see also* Order of Mar. 6, 2023, ECF No. 9. Mr. Bell's letter did not otherwise respond to the government's motion to dismiss, and the deadline to file a response to the motion has passed. The government's motion is ready for disposition.

### STANDARDS FOR DECISION

The court must dismiss a claim over which it lacks subject matter jurisdiction. *See* Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"); RCFC 12(h)(3). A plaintiff bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction over his claim. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). While filings by *pro se* plaintiffs are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), this leniency "with respect to mere formalities does not relieve them of jurisdictional requirements." *Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020).

The Tucker Act confers this court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Because the Tucker Act does not establish substantive rights, a plaintiff seeking to establish this court's jurisdiction under the act must "identify a substantive right for money damages against the United States separate from the Tucker Act itself." *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004).

This court may appoint an attorney "to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), but should do so "only in civil cases that present an extreme hardship to petitioner." *Washington v. United States*, 93 Fed. Cl. 706, 709 (2010). Such appointment "may be appropriate when quasi-criminal penalties or severe civil remedies are at stake, such as those in a civil commitment proceeding or when an indigent [person] risks losing his or her child in a custody case." *Washington*, 93 Fed. Cl. at 708 (citing *Vitek v. Jones*, 445 U.S. 480, 496-97 (1980) (civil commitment); *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 30-32 (1981) (child custody)). But generally, the court should refrain from appointing counsel unless the case involves a potential deprivation of liberty. *Wright v. United States*, 701 F. App'x 967, 971 (Fed. Cir. 2017); *see also Lassiter*, 452 U.S. at 26-27 (indicating there is a "presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty").

### DISCUSSION

Mr. Bell has not identified a source of law that entitles him to money damages. In his complaint under the heading "Statement of the Claim," Mr. Bell avers only that he "understand[s] the United States Treasury Department has money in [his] name" and that he "want[s] to claim the amount from the Bureau of Fiscal Assets." Compl. ¶ 4. In his letter, Mr. Bell describes a dispute involving his mother's estate. Bell's letter. He cites no law or contract entitling him to the money he alleges the Treasury Department possesses, and his factual allegations do not establish this court's

jurisdiction.  Put differently, Mr. Bell has not established this court's subject matter jurisdiction by a preponderance of the evidence.

Regarding appointment of counsel, Mr. Bell seeks monetary damages and is not at risk of losing his physical liberty if his case is unsuccessful.  *See* Compl. ¶ 4.  In his complaint, Mr. Bell requests only the "release" of his money "via wire transfer."  Compl. ¶ 5.  Mr. Bell restates this request in his March 6 letter.  *See* Bell's Letter.  Mr. Bell's circumstances do not amount to an extreme hardship that would entitle him to court-appointed counsel.

## CONCLUSION

Accordingly, plaintiff's request to be appointed an attorney and granted a hearing are DENIED.  The government's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction is GRANTED.

The Clerk shall dismiss plaintiff's complaint for lack of subject matter jurisdiction.  The Clerk is directed to enter judgment in favor of the defendant.

No costs.

It is so **ORDERED**.

                                                  s/ Charles F. Lettow  
                                                  Charles F. Lettow  
                                                  Senior Judge